Serial: **241512**

## IN THE SUPREME COURT OF MISSISSIPPI

### No. 2021-BD-01090-SCT

*THE MISSISSIPPI BAR*

*v.*

*LANESHA L. SIMS*



FILED

APR 21 2022

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

### <u>EN BANC ORDER</u>

¶1.     The Mississippi Bar petitions the Mississippi Supreme Court to place Lanesha L. Sims on disability inactive status and seeks reimbursement for the costs and expenses of the proceedings.  We grant in part and deny in part.

¶2.     On October 29, 2019, the Social Security Administration declared Lanesha L. Sims disabled and awarded her monthly disability benefits as of June 4, 2019.  On November 5, 2020, the Florida Bar placed Sims on its list of inactive lawyers following a joint petition pursuant to the Rules of the Florida Bar.  On May 10, 2021, Sims contacted the Mississippi Bar[1] to share her disability inactive status, to announce her retirement from the practice of law, and to seek clarification about how to secure disability inactive status.  Pursuant to Rules

---

[1] Lanesha Sims became licensed to practice law in Mississippi on May 3, 2007.

13(a) and 20(c) of the Rules of Discipline for the Mississippi Bar, the Bar, having already received notice from Sims, obtained a certified copy of the order imposed in the state of Florida.

> The Supreme Court of Mississippi (the Court) has exclusive and inherent jurisdiction of matters pertaining to attorney discipline, reinstatement, and appointment of receivers for suspended and disbarred attorneys, and hereafter such proceedings shall be conducted in accordance with these rules. The court shall be the ultimate judge of matters arising under these rules, and from time to time the Court shall review these rules and amend them when necessary or desirable.

Mississippi Rule of Discipline Rule 20(c) states:

> Upon notification from any source that an attorney admitted to practice in the State of Mississippi has been transferred to disability inactive status in another jurisdiction, Complaint Counsel shall obtain a certified copy of the transfer and file it with the Court. A final adjudication in another jurisdiction that an attorney admitted to practice in the State of Mississippi should be transferred to disability inactive status shall establish conclusively the disability for purposes of a disability proceeding in the State of Mississippi The Court shall transfer the attorney to disability inactive status unless the attorney demonstrates or the Court finds that the reason for the original transfer no longer exists. The burden shall be upon the attorney to demonstrate that the reason for the original transfer to disability status no longer exists.

Miss. R. Discipline 20(c).

¶3.    We grant the Bar's petition to place Lanesha L. Sims on disability inactive status. Sims voluntarily and correctly contacted the Mississippi Bar regarding her disability, and the Bar received a certified copy of the order and further documentation of her disability from the Social Security Administration. Rule 20(c) provides that the placement of a Mississippi licensed attorney on disability inactive status by another state's bar conclusively determines disability for the purpose of seeking the same status in Mississippi. The documentation sent

2

from Sims and received by the Bar shows the requisite information necessary for the Mississippi Supreme Court to grant the Mississippi Bar's petition to place Lanesha L. Sims on disability inactive status.

¶4. In addition to being prohibited from practicing law, Sims is forbidden from holding herself out as a lawyer or rendering legal advice inside or outside the state of Mississippi.

¶5. Further, Sims must notify in writing all of her clients with active matters pending that she is unable to practice law and advise each of them that she is unable to act as an attorney on their behalf; to return all files, funds, and any other client property or funds belonging to third parties related to her representation of clients to clients or the counsel for such clients or third parties; to notify in writing all parties opposite as well as courts and agencies in which she has active cases that she is unable to practice law; to file a certificate with the Clerk of the Supreme Court that she has complied with these provisions within sixty days of the entry of the decision in this case.

¶6. IT IS THEREFORE ORDERED that the petition of the Mississippi Bar to transfer Lanesha L. Sims to disability inactive status is granted and that the license of Sims to practice law is hereby transferred to disability inactive status in a manner consistent with this order until reinstatement of privileges by order of the Mississippi Supreme Court. The Mississippi Bar's petition for reimbursement of costs is denied.

¶7.     IT IS FURTHER ORDERED that Sims shall seek reinstatement pursuant to Rules 12 and 25 of the Rules of Discipline for the Mississippi State Bar should she seek to be reinstated to the practice of law in Mississippi.

SO ORDERED, this the ___ day of April, 2022.

_____
JOSIAH DENNIS COLEMAN, JUSTICE


ALL JUSTICES AGREE.

4